# Stineman Coal Mining Co. *v.* Pennsylvania R. R. Co., Appellant.

*Carriers—Railroad companies—Discrimination as to car supply —Interstate commerce—Jurisdiction of state courts—Estoppel.*

1. The state courts have jurisdiction to entertain an action to recover damages from a railroad company for unlawful discrimination in the distribution of coal cars, although such discrimination relates to a supply of cars used in intrastate or in interstate commerce at the option of the shipper.

2. Where in such an action it appeared that in times of car shortage the output of each mine was rated, and available cars were distributed among shippers in proportion to the output of their mines, and that defendant's system of distribution provided that cars owned by shippers should not be counted against them in determining the number of defendant's cars to which such shippers should be entitled, but defendant departed from this system in dealing with plaintiff, and counted plaintiff's cars against plaintiff, in allotting cars among the shippers, whereby plaintiff's competitors received a greater portion of defendant's cars than plaintiff could secure, the court did not err in holding that defendant was not justified in departing from the system of distribution which it had adopted, although the interstate commerce commission, after the period covered by the action had ordered that privately owned cars should be·so counted against shippers in determining the number of cars to which they should be entitled, and had declared that the practice forbidden was a violation of the Interstate Commerce Act, defendant could not be heard to say that its discrimination in favor of plaintiff's competitor was justified by a subsequently promulgated order of the interstate commerce commission.

Puritan Coal Mining Co. v. Penna. R. R. Co., 237 Pa. 420, followed.

Argued April 22, 1913. Appeal, No. 53, Jan. T., 1913, by defendant, from judgment of C. P. Clearfield Co., May T., 1908, No. 222, on verdict for plaintiff in case of Stineman Coal Mining Company v. Pennsylvania Railroad Company. Before FELL, C. J., BROWN, MESTREZAT, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for unlawful discrimination in the distribution of coal cars. Before SMITH, P. J.

From the record it appeared that defendant during the period of the action was engaged in the transportation of bituminous coal and that plaintiff was a shipper over its lines.

The coal transported by defendant both for plaintiff and for other shippers was transported to points both within and without the State of Pennsylvania. Separate distributions of its cars were not made by defendant for shipments to points within and without the State, respectively. But one distribution was made, and no control was exercised or attempted to be exercised by defendant over the use which should be made of the cars as between the two classes of shipments, it being left optional with the shipper to whom the cars were delivered whether they should be used entirely for shipments to points without or entirely for shipments to points within the State, or partly for one and partly for the other purpose. In times of shortage, the capacity of each mine was rated, and available cars were distributed among the shippers in proportion to the capacity of their mines.

Plaintiff was the owner of what were known as "private" or "individual" cars. Under the system of distribution which defendant had adopted during the period covered by the action the individual or private cars of shippers were not counted as against them in determining the number of the defendant's cars which they were entitled to receive when a percentage or pro rata distribution of cars was being made. Such cars were however counted against plaintiff but not against other shippers.

It was established by the evidence that the interstate commerce commission had in several proceedings in which the question was involved of the proper method to be pursued by carriers in distributing their equip-

ment in times of car shortage held that in order to avoid discrimination prohibited by the Interstate Commerce Act it was incumbent upon carriers subject thereto to count against the owners of private cars all such cars which had been delivered to them in arriving at the number of the carrier's own cars which such owners were entitled to receive. None of these orders had antedated or preceded the period of time covered by the action.

Other facts appear in the opinion of the Supreme Court.

Verdict for plaintiff for $12,500, and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were in refusing to dismiss the action for want of jurisdiction, and in refusing to enter judgment non obstante veredicto.

*Francis I. Gowen* and *John G. Johnson,* with them *Hazard · Alex. Murray, Henry Wolf Bikle, James P. O'Laughlin* and *Thomas H. Murray,* for appellant.

*A. M. Liveright* and *A. L. Cole,* for appellee.

Opinion by Mr. Justice Mestrezat, June 27, 1913:

This is an action of trespass to recover damages for loss sustained by the plaintiff company by reason of unlawful discrimination against it by the defendant in furnishing coal cars. The period of action was from April 1, 1902, to January 1, 1905. At the conclusion of the testimony on the trial of the cause, the case was disposed of by the following stipulation of counsel filed of record:

"First. That a verdict shall be taken in the sum of $12,500.00 in favor of the plaintiff, and that said verdict shall be subject to the following questions of law which are hereby reserved: 1. As to whether or not under the testimony that appears in this case the defendant is bound by the method of distribution of its coal cars

that was practiced by it, by which individual cars were not charged against the distributive share of the mine during the period of the action. 2. As to whether or not the rules prescribed by the interstate commerce commission and their various orders, which appear of record herein, are controlling in determining what distribution of cars should have been made to the plaintiff, notwithstanding the system of distribution which the defendant at that time practiced; it being the agreement of the parties that if under the practice, the law and the rules, the plaintiff company should have been charged with individual cars, that then judgment shall be entered in favor of the defendant n. o. v. 3. As to the question of the jurisdiction of the court to entertain the action at all."

In accordance with the stipulation, the court directed a verdict for the plaintiff for the amount agreed upon, refusing the defendant's points subject to the questions of law reserved. Subsequently the court overruled motions for a new trial and for judgment n. o. v. and directed judgment to be entered on the verdict. The defendant has appealed.

The assignments of error are to the refusal of defendant's motion to dismiss the action for want of jurisdiction; the refusal of binding instructions on the same ground and on the further ground that if the distribution of cars by the defendant had been in accordance with the system which the interstate commerce commission has prescribed in the decisions given in evidence the plaintiff company would not have received any more cars than it did receive; the overruling of the motion for judgment n. o. v.; and the entry of judgment on the verdict.

It will we observed that there are two questions in the case. The first and principal question is as to the jurisdiction of the court to hear and determine the cause, and that has been settled against the defendant's contention by our decisions in Puritan Coal Mining

Company v. Pennsylvania Railroad Company, 237 Pa. 420; Sonman Shaft Coal Company v. Pennsylvania Railroad Company, 241 Pa. 487; and Clark Brothers Coal Mining Company v. Pennsylvania Railroad Company, 241 Pa. 515, opinions in the last two cases being handed down herewith. In this case, as in the Clark case, the defendant put in evidence a series of proceedings before the interstate commerce commission in certain cases brought by shippers before the commission for adjustment of car distribution against various railroad companies. The proceedings resulted in orders by the commission regulating the kind and character of the cars to be distributed to the coal service and the proper method of making distribution to shippers along the lines of the respective railroads. The plaintiff here was not a party to any of these proceedings. We deem it sufficient to say that the orders of the interstate commerce commission are not involved in this case. The suit is not brought on them, nor does the plaintiff company claim that it has been injured because the defendant violated them. What the plaintiff company does claim and what it seeks to recover here is damages for the wrongs committed against it by the defendant in violation of the latter's common law and statutory duty as a common carrier. In such cases we shall not deny access to our courts by the injured citizen seeking relief by reason of the enactment of a federal statute dealing with interstate commerce until the jurisdiction is denied by a court having the power to finally adjudicate the question.

The other defense set up by the defendant to defeat recovery is a little singular to say the least. By the stipulation filed of record by the parties it appears that by the method of distribution of cars among shippers adopted and practiced by the defendant during the period of the action individual cars were not charged against the distribution share of the mine. In violation of this system, discrimination in the distribution was

practiced against the plaintiff and in favor of the Berwind-White Coal Mining Company as averred in the statement, resulting in damages to the plaintiff of the stipulated sum of twelve thousand five hundred dollars. The defendant now claims that it is not liable for this discrimination because its own rules of distribution were in violation of the present order or rules of the interstate commerce commission by which the plaintiff's rating would have been charged with its individual cars, and the plaintiff company would then have received all the cars it was entitled to. In other words, the defendant concedes that it ignored its own rules and disregarded its own basis of distribution in furnishing cars to the plaintiff and discriminated against the latter and in favor of a competing shipper, but seeks to justify its unlawful conduct and injury to the plaintiff on the ground that in making the distribution it had violated a subsequently promulgated order of the interstate commerce commission. We have expressed our views on the merits of such a defense in the Puritan case in which the present defendant being also the defendant in that case unsuccessfully attempted under like circumstances to avoid liability for similar discriminatory acts on the same ground. The pertinent language of our opinion in that case is a sufficient answer to the defendant's contention (p. 458): "In making distribution of its own cars, exclusive of those owned by private parties, the defendant company was observing not only its own practice but that which had up to that time been prevailing. However general the practice, it was, as held in the case referred to, in plain violation of the Interstate Commerce Act. In making the present objection the defendant company would set up its own disregard and violation of law in mitigation. It had its own purpose to serve in excluding private cars from the computation. Whatever the purpose was, the scheme was acquiesced in by all shippers in the district as fair and equitable, with full knowledge of all facts, since so far as appears, none made complaint. Now that it has been

made to appear that the defendant company disregarded its own basis of distribution, not because it was inequitable for the reason that the private cars had not been included in the computation, but solely with a view of giving a particular shipper an unlawful preference, it seeks to mitigate the consequence of its own dereliction by having applied a rule it defied when it established the basis of distribution upon which all acted throughout the entire transaction."

The judgment is affirmed.